1    TODD M. SORRELL (State Bar No. 175143)
     TARIFA B. LADDON (State Bar No. 240419)
2    **FULBRIGHT & JAWORSKI L.L.P.**
     555 South Flower Street
3    Forty-First Floor
     Los Angeles, California 90071
4    Telephone: (213) 892-9200
     Facsimile: (213) 892-9494
5    Email: tsorrell@fulbright.com
            tladdon@fulbright.com
6
   Attorneys for Defendant
7    VAPOR SYSTEMS TECHNOLOGIES, INC.

8          IN THE UNITED STATES DISTRICT COURT

9        FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11    Y.R.T., INC., a California corporation, V    )    Civil Action No. **CV10 6003 PA FMOx**
     and H, INC., a California corporation;    )
12    GLENROSE, INC., a California    )
     corporation; BEVANDREWS, INC., a    )    **VAPOR SYSTEMS**
13    California corporation, *Plaintiffs on behalf of*    )    **TECHNOLOGIES, INC.'S**
     *themselves and all those*    )    **NOTICE OF REMOVAL OF**
14    Plaintiffs, *similarly situated*    )    **ACTION UNDER 28 U.S.C.**
     )    **§1453 (CLASS ACTION**
15    vs.    )    **FAIRNESS ACT OF 2005)**
     )
16    VAPOR SYSTEMS TECHNOLOGIES,    )
     INC., an Ohio corporation; and DOES 1    )
17    through 100, inclusive,    )
     )
18          Defendants.    )
     )
19   —————————————————— )

20

21    TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

22    CENTRAL DISTRICT OF CALIFORNIA:

23          PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §1453 (Class Action

24    Fairness Act of 2005), Defendant Vapor Systems Technologies, Inc. ("Vapor

25    Systems") hereby removes this action filed as Los Angeles Superior Court Case

26    No. BC 441295.

27

28

CLERK, U.S. ___
AUG 11 2010
CENTRAL DISTRICT OF ___
BY ___

## I.    **Nature of the Action**

1.    On July 8, 2010, Plaintiffs Y.R.T., Inc., V and H, Inc., Glenrose, Inc., and Bevandrews, Inc. on behalf of themselves and all those similarly situated (collectively, "Plaintiffs"), commenced this action by filing their Complaint for false advertising, violation of California Business and Professions Code § 17200 et seq., negligent misrepresentation, negligence and breach of warranty in the Superior Court for the State of California in and for the County of Los Angeles, Case No. BC 441295 (the "State Court Action").  A true and correct copy of the Summons, Complaint (the "Complaint"), Civil Case Cover Sheet and Notice of Ruling on Complex Designation are attached hereto as Exhibit A.

2.    Vapor Systems specializes in the development, engineering, and manufacturing of products that are sold into the Gasoline Dispensing Facility ("GDF") segment of the petroleum industry.  *See* the Declaration of Glenn K. Walker ("Walker Decl."), a true and correct copy of which is attached hereto as Exhibit B, at ¶ 3.

3.    In their Complaint, Plaintiffs allege, among other things, that Vapor Systems placed Enviro-Loc Enhanced Vapor Recovery Balance Fuel Nozzles ("Nozzles") into the stream of commerce with defective Vapor Collection Sleeves ("VCS").  (Compl., ¶ 24).  Plaintiffs allege that the VCS's fail to return to their normal position after a member of the public dispenses fuel into their vehicle using the required hold-open clip.  (Compl., ¶ 25).

4.    Plaintiffs allege that they own and operate retail motor fuel service stations located throughout California.  (Compl., ¶ 5).  Plaintiffs allege that they have purchased and have had installed the Vapor Systems motor fuel dispensing systems which use the Nozzles in order to comply with the California Air Resources Board ("CARB") "EVR" mandate.  (Compl., ¶¶ 5, 22).

5.     Plaintiffs allege that as a result of the defective VCS's, an unintended dispensing of fuel from the Nozzle occurs before the Nozzle is placed into the vehicle, causing members of the public to be sprayed with fuel. (Compl., ¶ 25).

6.     On June 18, 2010, CARB and the Office of the State Fire Marshall ("OSFM") notified GDF owners that in rare instances, the Nozzles can cause gasoline to spray upon activation of the dispenser and before the Nozzle is put into the vehicle fuel tank. (Compl., Ex. A).  In that letter, the state stated that removal of the Nozzle hold-open clips was "necessary." (Compl., Ex. A).

7.     At the direction of CARB and OSFM, Vapor Systems implemented a short-term solution to prevent gasoline spray, which involved removal of Nozzle hold-open clip at some GDFs. (Walker Decl., ¶ 8; Compl., Ex. A).

8.     While Health & Safety Code section 41960.6(a) through (c) requires the Nozzles to be equipped with a hold open latch, CARB, OSFM and local fire districts suspended enforcement of this requirement in the letter of June 18, 2010. (Compl., Ex. A).

9.     In removing hold-open clips in selected GDFs, Vapor Systems relied on and complied with CARB and the OFSM's requests and attempted to cooperate with these state agencies in good faith in an effort to resolve any problem. (Walker Decl., ¶ 9).   Though Vapor Systems' actions were consistent with CARB and OFSM's requests, Plaintiffs brought suit following removal of the hold-open clip in some GDFs.  Plaintiffs allege that Vapor Systems' removal of the hold-open clip to prevent the unintended dispensing of motor fuel causes inconvenience to the Plaintiffs' customers in that they must physically hold open the dispenser handle to dispense fuel. (Compl., ¶¶ 26, 27).  Plaintiffs allege that this harmed their business and goodwill. (Compl., ¶ 26).

10.     Plaintiffs allege that as a result of the alleged defect, they, and those similarly situated, are entitled to special and general damages, injunctive relief,

OCUMENT PREPARED
ON RECYCLED PAPER

declaratory relief, restitution, attorneys' fees and costs.   (Compl., ¶ 7, Prayer for Relief).

## II.   Compliance with Statutory Requirements

11.   Plaintiffs served the Summons and Complaint on Vapor Systems on July 15, 2010. Vapor Systems answered the Complaint on August 10, 2010, which is the first notice Vapor Systems had of this action.   Vapor Systems filed an Objection to Non-Complex Designation on August 11, 2010.   A true and correct copy of Vapor Systems' Answer and Objection to Non-Complex Designation is attached hereto as Exhibit C.   No other proceedings have taken place in the State Court Action.   This case is being removed within thirty (30) days of the date of service and less than one year after the filing of the State Court Action.   This Notice is timely pursuant to 28. U.S.C. §1446(b).

12.   Pursuant to 28 U.S.C. § 1446(d), Vapor Systems will promptly provide written notice of removal of this action to all parties, including Plaintiffs, and will promptly file a copy of this Notice with the Clerk of the Superior Court of Los Angeles County, California.

13.   Under 28 U.S.C. §1453(b), it is not necessary that other defendants consent to removal.

14.   This Notice of Removal is being signed pursuant to Rule 11 of the Civil Rules of Federal Procedure pursuant to 28 U.S.C. 1446(a).

## III.   This Action Is Removable Pursuant to the Class Action Fairness Act

15.   This action is subject to removal pursuant to the removal provisions in the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1453.

16.   CAFA adds § 1453 to Title 28 of the U.S. Code, which provides in relevant part, as follows:

A class action may be removed to a district court in the United States in accordance with section 1446 . . . without regard to whether any

90141713.1

- 4 -

defendant is a citizen of the State in which the action is being brought, except that such action may be removed by any defendant without consent of all defendants.

### A.   CAFA's Diversity Jurisdiction Requirements are Satisfied

17.   CAFA amends the federal diversity jurisdiction statute, 28 U.S.C. § 1332, to grant United States District Courts original jurisdiction over any class action in which:  (a) the aggregate amount in controversy is more than $5 million, exclusive of interest and costs; (b) the number of members of all proposed plaintiff classes in the aggregate is greater than 100; and (c) any member of a class of plaintiffs is a citizen of a State different from any defendant.

18.   Pursuant to CAFA, the district courts have original jurisdiction over any class action meeting the $5 million amount in controversy requirement in which "any member of a class of plaintiffs is a citizen of a state different than any defendant. " 28 U.S.C. § 1332(d)(2).  Those jurisdictional requirements are satisfied here.

19.   Plaintiffs, as California corporations, filed the Complaint on behalf of themselves and a statewide class of allegedly similarly situated plaintiffs, consisting of at least hundreds of other California retail motor fuel stations.  (Compl., ¶ 6). Plaintiffs have brought this action pursuant to California's class action statute, Cal. Civ. Proc. § 382.  CAFA defines a "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar state statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).  This action is a class action for the purposes of assessing federal jurisdiction, and 28 U.S.C. § 1332(d)(2) applies.

20.   Vapor Systems is an Ohio corporation with its principal place of business in Springboro, Ohio.  (Compl., ¶ 7; Walker Decl., ¶ 2).  Vapor Systems'

OCUMENT PREPARED
ON RECYCLED PAPER

1    nerve center is located in Ohio as its executive and administrative functions are

2    performed in that state.   (Walker Decl., ¶ 2).   Ohio contains a substantial

3    predominance of Vapor Systems' corporate operations. (Walker Decl., ¶ 2).

4         21.   Plaintiffs are California corporations with their principal places of

5    business in Los Angeles, California. (Compl., ¶¶ 1-4).  Because Vapor Systems is

6    diverse from at least one Plaintiff, the parties are diverse for purposes of  28 U.S.C.

7    § 1332(d)(2).  (In fact, there is complete diversity here).

8         22.   Plaintiffs' Complaint names Does 1 through 100.   Pursuant to 28

9    U.S.C. § 1441(a), the citizenship of defendants sued under fictitious names "shall

10   be disregarded" for purposes of determining removal jurisdiction.

**B.   CAFA's Minimum Amount in Controversy Requirement is Satisfied**

13        23.   The Complaint seeks damages on behalf of Plaintiffs and at least

14   "hundreds of other California retail motor fuel stations." (Compl., ¶ 6).   The

15   Complaint alleges that one of the similar questions of law or fact is whether Vapor

16   Systems is liable to the Plaintiff class for the "thousands of dollars in costs each

17   member of the Plaintiff class has individually spent in upgrading their fuel

18   dispensing equipment with the VST system to be California compliant." (Compl., ¶

19   9(j)).  The Complaint also alleges that one of the similar questions of law or fact is

20   whether the Plaintiff class has suffered lost profits and/or loss of business goodwill

21   as a result of the Nozzles being defective.  (Compl., ¶ 9(k)). The Complaint also

22   alleges that one of the similar questions of law or fact is whether Vapor Systems is

23   liable for any and all damages suffered by the class as a result of the removal of the

24   hold-open clip and the defective VCS.  (Compl., ¶ 9(l)).   Plaintiffs allege that

25   Plaintiffs, and the class they purport to represent, have spent thousands (and

26   perhaps tens of thousands) of dollars on purchasing and installing the defective

27   VST equipment. (Compl., ¶ 36).

28

24.   The Complaint seeks special and general damages, attorneys' fees and costs.  In addition to monetary relief, the Plaintiffs, for themselves and members of the class, seek equitable remedies in the form of injunctive relief, declaratory relief, and restitution.  (Compl., ¶ 7, Prayer for Relief).

25.   In 2007, CARB certified Vapor Systems' Nozzles to be compliant with all state and federal requirements, as did the OSFM.   (Walker Decl., ¶ 4). Subsequent to certification, Vapor Systems installed approximately 35,000 Nozzles in approximately 3,100 GDFs throughout California.  (Walker Decl., ¶ 5).

26.   Each Nozzle costs the GDF dealer approximately $350 to replace. (Walker Decl., ¶ 6).

27.   While Vapor Systems denies that Plaintiffs are entitled to any damages, Plaintiffs' Complaint appears to put in controversy, at a minimum, $12.25 million in damages, satisfying CAFA's $5 million amount in controversy requirement pursuant to 28 U.S.C. § 1332(a).

**C.   CAFA's Exceptions to Removal Do Not Apply Here**

28.   28 U.S.C. §1332(d)(4) provides two exceptions to diversity jurisdiction under CAFA: the "local controversy" exception under 28 U.S.C. § 1332(d)(4)(A) and the "home-state controversy" exception under 28 U.S.C. § 1332(d)(4)(B).  Neither exception apply because both require Vapor Systems to be a citizen of California, which it is not.  (Compl., ¶ 7; Walker Decl., ¶ 2).  Similarly, the Court does not have the discretion to decline jurisdiction under 28 U.S.C. § 1332(d)(3) because Vapor Systems is an Ohio corporation, and not a citizen of California, where the State Court Action was originally filed.  (Compl., ¶ 7; Walker Decl., ¶ 2).

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Vapor Systems respectfully requests that this Court consider this Notice of Removal as

DOCUMENT PREPARED
ON RECYCLED PAPER

1    proper notice provided by law governing the removal of actions to this Court and

2    that this Court make whatever orders are necessary to effect the removal of the

3    State Court Action to this Court and also to effect the preparation of a filing of a

4    true record in this cause of all proceedings that may have been had in the State

5    Court Action.

6

7    Dated:  August 11, 2010          Respectfully Submitted,

8                              TODD M. SORRELL

9                              TARIFA B. LADDON
                             **FULBRIGHT & JAWORSKI L.L.P.**

10

11                      By _____
                             TARIFA B. LADDON

12                              Attorneys for Defendant
                             Vapor Systems Technologies, Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DOCUMENT PREPARED
ON RECYCLED PAPER

90141713.1

**EXHIBIT A**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** VAPOR SYSTEMS TECHNOLOGIES, INC.,
*(AVISO AL DEMANDADO):* an Ohio corporation, and DOES 1
through 100, inclusive

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 08 2010

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
A.E. LaFleur-Clayton

**YOU ARE BEING SUED BY PLAINTIFF:** Y.R.T., INC., a Ca
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* B C 4 4 1 2 9 5 |
|---|---|

Central District
111 N. Hill Street
111 N. Hill Street
Los Angeles, CA 90068

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Thomas P. Bleau, Esq. SBN: 152945          323-874-8613     323-874-1234
Bleau Fox, a P.L.C.
3575 Cahuenga Blvd., West
Los Angeles, CA 90068

| DATE: *(Fecha)* | Clerk, by AMBER LaFLEUR CLAYTON *(Secretario)* | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

JUL 08 2010

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* VAPOR Systems Technologies Inc, an Ohio corporation

   under: [X] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)      [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

| PETITIONER/PLAINTIFF: Y.R.T., Inc., et al. | CASE NUMBER: |
|---|---|
| RESPONDENT/DEFENDANT: Vapor Systems Technologies, Inc. | |

Attachment to Summons:

You are being sued by Plaintiffs:
Y.R.T., INC., a California corporation; V and H, INC., a California corporation; GLENROSE, INC., a California corporation; BEV ANDREWS, INC., a California Corporation,

Plaintiffs on behalf of themselves and all those similarly situated,

Legal
Solutions
Plus

Thomas P. Bleau, Esq. SBN: 152945
Martin Fox, Esq., SBN: 155783
BLEAU FOX, A P.L.C.
3575 Cahuenga Boulevard West, Suite 580
Los Angeles, California 90068
Telephone     : (323) 874-8613
Facsimile     : (323) 874-1234
tbleau@bleaufox.com
mfox@bleaufox.com

Attorneys for Plaintiffs,
Y.R.T., INC., et al.

**CONFORMED COPY**
**OF ORIGINAL FILED**
Los Angeles Superior Court

**JUL 0 8 2010**

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
A.E. LaFLEUR-CLAYTON

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| Y.R.T., INC., a California corporation; V and H, INC., a California corporation; GLENROSE, INC., a California corporation; BEVANDREWS, INC., a California Corporation, <br><br> Plaintiffs on behalf of themselves and all those similarly situated, <br><br> v. <br><br> VAPOR SYSTEMS TECHNOLOGIES, INC., an Ohio corporation,, and DOES 1 through 100, Inclusive, <br><br> Defendants. | CLASS ACTION **B C 4 4 1 2 9 5** <br> CASE NO: <br><br> COMPLAINT FOR: <br><br> (1)   FALSE ADVERTISING (California Business and Professions Code Section 17500 et seq.) <br><br> (2)   VIOLATION OF CALIFORNIA Business and Professions Code §17200, et. seq.; <br><br> (3)   N E G L I G E N T MISREPRESENTATION <br><br> (4)   NEGLIGENCE <br><br> (5)   BREACH OF WARRANTY |

COMES NOW, Plaintiffs, on behalf of themselves and all those similarly situated, and complains against Defendants, and each of them, as follows:

I.

## PLAINTIFFS

1.   Plaintiff, Y.R.T., INC. is a California corporation located at 6051 Franklin Ave., Los

1  Angeles, CA 90028.

2      2.  Plaintiff, V and H, INC., is a California corporation located at 3070 Glendale Blvd., Los

3  Angeles, CA 90039.

4      3.  Plaintiff, GLENROSE, INC., is a California corporation located at 4600 Melrose Ave., Los

5  Angeles, CA 90029.

6      4.  Plaintiff, BEVANDREWS, INC.,  is a California corporation located at 4700 Beverly

7  Blvd., Los Angeles, CA 90029.

8      5.  The above-listed Plaintiffs own and operate retail motor fuel service stations located

9  throughout Los Angeles, California, and all have purchased and have had installed the VST motor

10  fuel dispensing systems which use the VST nozzles complained of herein.

11      6.  Plaintiffs bring this action on behalf of themselves and hundreds of other California retail

12  motor fuel stations.

13      7.  Plaintiffs bring this action against Defendant, VAPOR SYSTEMS TECHNOLOGIES,

14  INC., an Ohio Corporation for Profit ("VST"), for damages, injunctive and equitable relief.

15                          **CLASS ALLEGATIONS**

16      8.  The proposed class is so numerous that joinder of all members is impractical.  The exact

17  number of gasoline stations affected is unknown and identification of all past and present class

18  members is exceedingly difficult without discovery from the Defendants, and each of them. Therefore

19  a class must be formed in order to adequately litigate this action.

20      9.  Representative Plaintiffs' claims are typical of the class which they represent in that there

21  are common questions of law and fact as to all members of the class which predominate over any

22  questions affecting individual members. The similar questions or law and fact are as follows:

23      a.      Did the Defendant, within the past four (4) years, unlawfully advertise and/or promote

24  their "VST Enviro-Loc EVR Balance Fuel Nozzles" (and other similar VST Nozzles) ("Nozzles")

25  to be compliant with all State and Federal requirements and to include a nozzle hold-open clip?;

26      b.      Are the hold-open clips on the Nozzles now being removed by VST or at VST's

27  request in violation of California *Health & Safety Code* §41960.6(a)-(c) et seq.?;

28      c.      Is the Vapor Collection Sleeve ("VCS") that is part of the subject VST Nozzles

1  defective in that, after a short period of use (post installation), the sleeves malfunction in that they

2  fail to reset to their proper position after use due to the defect?;

3         d.      As a result of the failure of the VCS to return to its normal position with the hold-open

4  clip engaged, a customer activating the dispenser causes motor fuel to be sprayed before placement

5  into a vehicle?;

6         e.      No long-term remedy/fix has been offered by VST to date?;

7         f.      VST has not offered to the class any type of California compliant replacement Nozzle

8  with a hold-open clip?;

9         g.      Has VST chosen the least costly route to fix the immediate problem of unintended fuel

10  spills by removing the hold-open clip instead of replacing the VCS's, all at the expense of the motor

11  fuel retailers?;

12         h.      Was the Defendant negligent in selling/placing into the stream of commerce the VST

13  Nozzles with the defective VCS's?;

14         i.      Did the Defendant breach its warranty?;

15         j.      Is the Defendant liable to the Plaintiff class for the thousands of dollars in costs each

16  member of the Plaintiff class has individually spent in upgrading their fuel dispensing equipment

17  with the VST system to be California compliant?;

18         k.      Has the Plaintiff class suffered loss in profits and/or loss of business good will as a

19  direct result of the VST nozzles being defective?;

20         l.      Is the Defendant liable for any and all damages suffered by the class as a result of the

21  removal of the hold-open clip and the defective VCS?

22         10. The representative Plaintiffs share a community of interest with the other

23  members of the class which Plaintiffs represent.

24         11. The representative Plaintiffs are able to fairly and adequately represent the interests

25  of all members of the class which they represent.

26         12. The overall likelihood of individual class members prosecuting separate claims is

27  remote at best.  Individual members of the class may or do not have a significant interest in

28  individually prosecuting separate actions and the impact of such a scenario upon the judicial system

-3-

Complaint

1   would be a tremendous burden on the Courts and a waste of judicial resources.

2       13. The prosecution of separate actions by individual class members would create a

3   risk of inconsistent and varying adjudications concerning the subject of this action, which could

4   establish incompatible standards of conduct for Plaintiffs, the members of the class which they

5   represent and the Defendants under the laws alleged herein.

6       14. There is a well-defined community of interest in the questions of fact and law

7   among the representative Plaintiffs and the class members.  Specific questions of law and fact

8   common to the members of the class predominate over any questions which may affect only

9   individual members, in that Defendants have acted in a manner generally applicable to the entire

10  class.

11      15. The above-listed Plaintiffs have operated their motor fuel marketing premises at all times

12  relevant herein and have purchased and used the VST Nozzles within the past four (4) years.

13

14                              II

15                         DEFENDANTS

16      16. Defendant, VAPOR SYSTEMS TECHNOLOGIES, INC., is an Ohio corporation with

17  its headquarters and principal place of business in Dayton and Montgomery, Ohio.

18      17. The true names and capacities, whether individual, corporate, associate, or otherwise, of

19  Defendants, DOES 1 through 100, inclusive are unknown to Plaintiffs. Plaintiffs are informed and

20  believe and based thereon allege that each fictitious Defendant was in some way responsible for,

21  participated in or contributed to the matters or things of which Plaintiffs complain herein, and in some

22  fashion has legal responsibility therefor. When the exact nature and identity of each such fictitious

23  Defendant is ascertained by Plaintiffs, Plaintiffs will seek leave to amend this Complaint and all

24  proceedings herein to set forth the same.

25                             III

26                   JURISDICTION AND VENUE

27      18. Pursuant to Article VI, Section 10 of the California Constitution, subject matter

28  jurisdiction is proper in the Superior Court of California for the County of Los Angeles.

19. Pursuant to Section 395 of the California *Code of Civil Procedure*, venue is proper in the Superior Court of California for the County of Los Angeles.

20. Plaintiffs are informed and believe, and based thereon, allege that VST maintains offices, employs individuals, and sold and installed said nozzles, within the County of Los Angeles, State of California, thereby maintaining sufficient minimum contacts which render the exercise of personal jurisdiction over it reasonable and in conformance with due process.

## IV

## GENERAL ALLEGATIONS

21. Plaintiffs are informed and believe, and based thereon allege, that at all times mentioned in this complaint, Defendants were agents, employees and/or joint venturers of their co-defendants, and in doing the things alleged in this complaint were acting within the course and scope of that agency, co-employment and/or joint venture.

22. Within the past four (4) years, Plaintiffs and the class they represent, in order to comply with the California Air Resources Board ("CARB") "EVR" mandates, purchased and installed the subject VST nozzles. Within the State of California, the owners and/or operators of thousands of motor fuel stations had to purchase said CARB compliant nozzles (and install same by April, 2010). Said CARB compliant nozzles are manufactured by only two venders; Defendant VST is one of these vendors.

23. Plaintiffs are informed and believe and based thereon allege that hundreds (and perhaps thousands) of motor fuel stations purchased and installed the VST nozzles.

24. Plaintiffs are informed and believe and based thereon allege that Defendant VST placed their nozzles into the stream of commerce with defective Vapor Collection Sleeves ("VCS's"). Said VCS's, after a short period of normal use, fail to return to their normal position after a member of the public dispenses fuel into their vehicle (using the required hold-open clip).

25. Plaintiffs are informed and believe and based thereon allege that, as a result of the defective VCS's failure to return to its normal position after use by the member of the public, when the next member of the public activates the dispenser for use, an unintended dispensing of fuel from the nozzle occurs before the nozzle is placed into the vehicle, often causing the member of the public

to be sprayed with fuel.

26. Plaintiffs are informed and believe and based thereon allege that the short-term "cheap fix" of removing the hold-open clip to prevent the unintended dispensing of motor fuel severely and permanently harms their business and good will in that their customers are exposed to having motor fuel sprayed on them.

27. Plaintiffs are further informed and believe and based thereon allege that the removal of the hold-open clip, in addition to causing the Plaintiffs to be in violation of California *Health & Safety Code* §41960.6(a)-(c) et seq., causes great inconvenience to the Plaintiffs' customers in that they must physically hold open the dispenser handle to dispense fuel. Thus, said customer will not return to the Plaintiffs' locations and will instead choose a location from that point forward that offers hold-open devices on their dispensers.

28. Plaintiffs have performed all obligations required of them at all relevant times except for those obligations for which Plaintiffs were excused from performing.

29. On or about June 18, 2010, the State of California notified the class Plaintiffs that the VST nozzles were defective and made public a short-term "fix" of removing the hold-open clip (Please see Exhibit "A" attached hereto and incorporated by reference). However, said short-term fix irreparably harms the businesses of the Plaintiffs, and of the class the Plaintiffs represent.

30. Plaintiffs are informed and believe and based thereon allege that Defendant VST has placed defective nozzles into the stream of commerce and have now embarked on a course of action to unlawfully remove, or cause to be removed, the nozzle hold-open clips instead of the proper remedy of either replacing the defective VCS's or periodically replacing the entire nozzle.

31. Plaintiffs are informed and believe and based thereon allege that Defendant VST falsely advertised the subject nozzles to be fit for their intended purpose and to include the required and properly working VCS and hold-open clip (Please see Exhibit "B", a true and correct copy of said advertisement attached hereto and incorporated by reference).

32. Plaintiffs are informed and believe and based thereon allege that VST has caused the unlawful and unauthorized entry onto Plaintiffs', and the class Plaintiffs represent, retail motor fuel locations to remove the hold-open clips on the subject nozzles.

-6-

Complaint

33. Plaintiffs are informed and believe and based thereon allege that many members of the motoring public are unable to use the VST dispensers without the availability of the hold-open clip, thus will not purchase motor fuel from the VST equipped locations causing irreparable damage to the Plaintiffs.

34. Plaintiffs are informed and believe and based thereon allege that many, if not most, of the motor fuel locations are self-service locations and thus there are no employees to assist those members of the motoring public who cannot use the dispensers without the hold-open clip.

35. Plaintiffs are informed and believe and based thereon allege that part of the purpose and intent of the hold-open clip requirement on motor fuel dispensing nozzles, as set forth in the California *Health & Safety Code*, is to further reduce human exposure (both the motoring public and the employees of the motor fuel stations) to motor fuel fumes.

36. Plaintiffs are informed and believe and based thereon allege that Plaintiffs, and the class the Plaintiffs represent, within the past four (4) years, have spent thousands (and perhaps tens of thousands) of dollars on purchasing and installing the defective VST equipment.

37. Plaintiffs are informed and believe and based thereon allege that Plaintiffs, and the class Plaintiffs represent, were foreseeable purchasers/users of the VST nozzles.

38. Plaintiffs are informed and believe and based thereon allege that within the past (4) years through the present, Defendant VST misrepresented the suitability of the nozzles for their intended purpose, unjustly delayed and refused to issue a proper remedy for the defective nozzles, refused to properly correct/fix the defective nozzles in a manner which does not impact the Plaintiffs' business and customer convenience.

IV

**FIRST CAUSE OF ACTION**

**For False Advertising**

**Against Defendant VST**

39. Plaintiffs refer to the allegations contained in Paragraphs 1 through 38, inclusive, and by reference thereto, incorporates the same herein as though fully set forth and alleged herein.

40. Plaintiffs are informed and believe and based thereon allege that within the past four (4)

-7-

years, Defendant published and distributed in the County of Los Angeles, and the State of California, an advertisement that contained the representation that the nozzles were fit for their intended use with a hold-open clip (Please see Exhibit "B" attached hereto and incorporated by reference).

41. Plaintiffs are informed and believe and based thereon allege that the purpose of the advertisement was to induce the Plaintiffs, and the class the Plaintiffs represent, to purchase the defective VST nozzles with the hold-open clip.

42. Plaintiffs are informed and believe and based thereon allege that Defendant's representations in the advertisement were known, or should have been known by the exercise of reasonable care, to be untrue and misleading, and were made to deceive Plaintiffs and the class the Plaintiffs represent.

43. Plaintiffs are informed and believe and based thereon allege that they believed and relied upon the representations made in the advertisement, more specifically that the nozzles would function properly, would be in compliance with California law and would operate properly with a hold-open clip.

44. Plaintiffs are informed and believe and based thereon allege that the statements described above were false and misleading in assuring that the nozzles will operate as intended with a hold-open clip.

45. Plaintiffs are informed and believe and based thereon allege that within the past four (4) years, in reliance upon said representations and advertising, the Plaintiffs, and the class the Plaintiffs represent, purchased said VST systems, which included the necessary nozzles from various authorized distributors.

46. On or about June, 2010, Plaintiffs discovered that the VST nozzles were defective. Defendant VST was notified of said defects in the Spring of 2010 (please see Exhibit "C" attached hereto and incorporated by reference).

47. Plaintiffs are informed and believe and based thereon allege that Plaintiffs, and the class the Plaintiffs represent, have spent thousands of dollars on the purchase and installation of said defective VST systems and have suffered damage to their profits and business good in an amount to be determined at trial and in excess of the minimum jurisdictional limits of this Court.

## V.

## SECOND CAUSE OF ACTION

### Violations of California Business and Professions Code § 17200, et seq.

### Against Defendant

48. Plaintiffs incorporate and re-allege the allegations of paragraphs 1 through 47, inclusive, as if fully set forth herein.

49. Plaintiffs are informed and believe, and based thereon allege that Defendants, and each of them, have engaged in a pattern of behavior and/or a course of conduct of unfair and/or fraudulent business practices against Plaintiffs, and the class which they represent, within the meaning of California Business and Professions Code §17200, et seq.

50. Plaintiffs are informed and believe, and based thereon allege, that Defendants, and each of them, negligently or knowingly and fraudulently misrepresented the lawful compliance and the fitness for their intended purpose of the VST nozzles. As such, said unlawful activity constitutes unfair and fraudulent business practices against the Plaintiffs, and the class they represent, within the meaning of California Business and Professions Code § 17200, et seq.

51. By reason of Defendants', and each of them, acts of unlawful, unfair and/or fraudulent business practices, Plaintiffs, and the class they represent have suffered actual injury.

52. By reason of Defendants', and each of them, acts of unfair business practice, Plaintiffs, and the class which they represent, are entitled to and request restitution, of all income, profits and other benefits derived from Defendants', and each of them, unlawful, unfair and/or fraudulent business acts and/or practices in an amount according to proof at the time of trial, for an injunction preventing Defendants from wrongfully removing, or causing to be removed, the hold- open clips on the VST nozzles and for an order directing the Defendant to immediately replace said defective nozzles with devices fit for their intended purpose.

///

///

///

///

## VI.

## THIRD CAUSE OF ACTION

### Negligent Misrepresentation Against Defendant

53. Plaintiffs incorporate and re-allege the allegations of paragraphs 1 through 52, inclusive, as if fully set forth herein.

54. Plaintiffs are informed and believe and based thereon allege that Defendant, within the past (2) years, harmed Plaintiffs, and the class the Plaintiffs represent, because Defendants negligently misrepresented material facts upon which the Plaintiffs, and the class the Plaintiffs represent relied.

55. Plaintiffs are informed and believe and based thereon allege that Defendant represented to Plaintiffs, and the class the Plaintiffs represent, that the VST Nozzles with the hold-open clip were fit for their intended purpose and were lawfully compliant.

56. Plaintiffs are informed and believe and based thereon allege that Defendant's representation to the Plaintiffs, and the class the Plaintiffs represent, that the VST nozzles were fit for their intended purpose and were lawfully compliant with the old-open clip sold and delivered to the Plaintiffs was not true and/or correct.

57. Plaintiffs are informed and believe and based thereon allege that Defendant had no reasonable grounds for believing the afore-stated representations were true when the Defendant made the representations.

58. Plaintiffs are informed and believe and based thereon allege that Defendant intended that Plaintiffs, and the class the Plaintiffs represent, to rely upon the afore-stated representations.

59. Plaintiff, and the class Plaintiffs represent, reasonably relied on the Defendant's untrue representations as stated above.

60. Plaintiffs are informed and believe and based thereon allege that Plaintiffs, and the class they represent, were harmed by Defendant's conduct in many ways including, but not limited to, the payments of thousands of dollars for defective equipment and lost profits.

61. Plaintiffs are informed and believe and based thereon allege that Plaintiffs' reliance on Defendant's representations as stated above was reasonable and was a substantial factor in causing the Plaintiffs' lost profits and financial harm in an amount to be proven at the time of trial.

**VII.**

**FOURTH CAUSE OF ACTION**

**For Negligence against Defendant VST**

62. Plaintiffs incorporate and re-allege the allegations of paragraphs 1 through 61, inclusive, as if fully set forth herein.

63. Plaintiffs are informed and believe and based thereon allege that Defendant VST had a duty to provide lawfully compliant motor fuel dispensing nozzles with hold-open clips as part of its motor fuel dispensing system to the purchaser Plaintiffs, and the class the Plaintiffs represent.

64. Plaintiffs are informed and believe and based thereon allege that within the past two (2) years, Defendant VST breached said duty and instead provided Plaintiffs, and the class the Plaintiffs represent, with defective nozzles.

65. Plaintiffs are informed and believe and based thereon allege that it was foreseeable that providing Plaintiffs, and the class the Plaintiffs represent, with defective nozzles would cause injury to the Plaintiffs and the class the Plaintiffs represent.

66. Plaintiffs are informed and believe and based thereon allege that as a direct and proximate result of the Defendant's negligence, the Plaintiffs, and the class the Plaintiffs represent, have been damaged in an amount to be proven at the time of trial.

**VIII.**

**FIFTH CAUSE OF ACTION**

**Breach of Warranty**

**Against Defendant VST**

67. Plaintiffs incorporate and re-allege the allegations of paragraphs 1 through 66, inclusive, as if fully set forth herein.

68. Plaintiffs are informed and believe and based thereon allege that Defendant VST provided, or caused to be provided, samples, models and/or descriptions of the defective VST nozzle and represented that same was fit for its intended purpose and was lawfully compliant with a hold-open clip.

69. Plaintiffs are informed and believe and based thereon allege that said VST Nozzles do

not perform as promised.

70. Plaintiffs are informed and believe and based thereon allege that Plaintiffs, and the class Plaintiffs represent, and others took reasonable steps to notify Defendant VST within a reasonable time that the nozzles were not as represented.

71. Plaintiffs are informed and believe and based thereon allege that Plaintiffs, and the class Plaintiffs represent, were harmed.

72. Plaintiffs are informed and believe and based thereon allege that the failure of the nozzles to be as represented was a substantial factor in causing the Plaintiffs, and the class the Plaintiffs represent, harm in an amount to be proven at the time of trial.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

## AS TO THE FIRST CAUSE OF ACTION

1. A temporary restraining order, preliminary injunction and permanent injunction restraining and enjoining Defendants, and their agents, employees, officers, directors, managing agents, joint venturers, attorneys, affiliates or subsidiaries, from engaging in any further unfair and fraudulent advertising/business practices against Plaintiffs, including but not limited to, prohibiting VST and its agents, employees, officers, directors, managing agents, joint venturers, attorneys, affiliates or subsidiaries, from continuing to advertise and represent that the nozzles are fully compliant with the hold-open clip, removing the hold-open clips and an order requiring VST to supply the Plaintiffs, and the class the Plaintiffs represent with lawfully compliant nozzles complete with hold-open clips as advertised.

2. Restitution in an amount according to proof at the time of trial, incurred as a result of Defendants' violations of California Business and professions Code §17200, et seq.;

3. A Declaration of the rights and obligations of the parties as set forth in this Complaint;

4. For all other relief as the Court may deem proper;

## AS TO THE SECOND CAUSE OF ACTION

5. A temporary restraining order, preliminary injunction and permanent injunction restraining and enjoining Defendants, and their agents, employees, officers, directors, managing

1  agents, joint venturers, attorneys, affiliates or subsidiaries, from engaging in any further unfair and

2  fraudulent business practices against Plaintiffs, including but not limited to, prohibiting VST and its

3  agents, employees, officers, directors, managing agents, joint venturers, attorneys, affiliates or

4  subsidiaries, from removing the hold-open clips and an order requiring VST to supply the Plaintiffs,

5  and the class the Plaintiffs represent with lawfully compliant nozzles complete with hold-open clips.

6     6.   Restitution in an amount according to proof at the time of trial, incurred as a result

7  of Defendants' violations of California Business and professions Code §17200, et seq.;

8     7.   A Declaration of the rights and obligations of the parties as set forth in this Complaint;

9     8.   For all other relief as the Court may deem proper;

10 <center>**AS TO THE THIRD CAUSE OF ACTION**</center>

11    9.   For special damages in an amount to be proven at the time of trial;

12    10.   For special damages in an amount to be proven at the time of trial;

13    11.   For all other relief as the Court may deem proper;

14 <center>**AS TO THE FOURTH CAUSE OF ACTION**</center>

15    12.   For general damages in an amount to be proven at the time of trial;

16    13.   For special damages in an amount to be proven at the time of trial;

17    14.   For all other relief as the Court may deem proper;

18 <center>**AS TO THE FIFTH CAUSE OF ACTION**</center>

19    15.   For general damages in an amount to be proven at the time of trial;

20    16.   For special damages in an amount to be proven at the time of trial;

21    17.   For all other relief as the Court may deem proper;

22 <center>**ON ALL CAUSES OF ACTION**</center>

23    18.   Attorneys' fees and costs in an amount determined by the Court to be reasonable, as authorized

24 by statute;

25    19.   For costs of suit herein;

26 ///

27 ///

28 ///

1     20.   For any other and further relief the Court deems just and proper.

2

3     Dated: July 8, 2010                       BLEAU FOX , A P.L.C.

4

5                                     By:                          
                                            Martin R. Fox, Esq.

6                                              Attorneys for Plaintiffs, Y.R.T.,
                                          Inc., et al.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Exhibit "A"**



# State of California

### Governor Arnold Schwarzenegger



**Air Resources Board**
Mary D. Nichols
*Chairman*

**Department of Forestry
and Fire Protection**
Del Walters
*Director*

June 18, 2010

Dear Gasoline Station Owner:

This letter is to inform you about the solution to a potential problem with your Vapor System Technologies (VST) nozzles. In rare instances, VST nozzles can unexpectedly cause gasoline to spray upon activation of the dispenser and before the nozzle is put into the vehicle fuel tank. The California Air Resources Board (ARB) and the Office of State Fire Marshal (OSFM) have confirmed this situation.

VST, with concurrence from ARB and OSFM, has identified a short-term fix that can be executed immediately to prevent gasoline spray. The fix involves removal of the nozzle hold-open clip (see picture on reverse). Representatives from VST are visiting each station to implement this fix. We request that you cooperate with them and allow them access to your VST nozzles so they can remove the hold open clip. Upon removal of the hold-open clip, your VST nozzles can continue to be used freely.

Health and Safety Code section 41960.6(a) through (c) requires nozzles to be equipped with a hold open latch, however please note that ARB, OSFM, and local fire districts are suspending enforcement of this requirement. The hold-open latch was first required in 1992 to limit consumer exposure to benzene-laden gasoline fumes during fueling. Currently the enhanced vapor recovery (EVR) Phase II nozzles, required since April 2009, eliminate most of these fumes. Subdivision (d) permits local fire authorities to set fire safety provisions for their area of responsibility. The OSFM has asked the local fire authority for their cooperation in this matter. Removal of the hold-open clip from VST nozzles is necessary to reduce fire risk from potential gasoline sprays and protect public health.

Thank you for your cooperation. If you have questions at any time, please call ARB at (916) 327-0900 or OSFM at (916) 445-8415.

Sincerely,

James N. Goldstene
Executive Officer
Air Resources Board

Tonya L. Hoover
Acting California State Fire Marshal
California Department of Forest and Fire Protection

*The energy challenge facing California is real. Every Californian needs to take immediate action to reduce energy consumption. For a list of simple ways you can reduce demand and cut your energy costs, see our website: http://www.arb.ca.gov.*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Exhibit "B"**

# VST ENVIRO-LOC™
# EVR Balance Fuel Nozzles
## The Handle For User-Friendly Enhanced Vapor Recovery



The Entire ENVIRO-LOC
Product Line Exceeds All
CARB EVR Requirements

Vapor Systems Technologies, Inc.

# VST ENVIRO-LOC EVR Balance Fuel Nozzles

ENVIRO-LOC EVR Balance Fuel Nozzles are a key component of an advanced, patented balance system that provides the industry's most effective, environmentally friendly, cost efficient vapor recovery solution.

ENVIRO-LOC EVR Balance Fuel Nozzles offer the facility operator superior performance with distinct profit enhancing advantages over other nozzles. Their patented design meets and exceeds all CARB EVR nozzle requirements, eliminating accidental fuel spillage and reducing dripping and spitting, sources of fuel contamination and odor on hands, shoes, clothing and ground. The design also reduces ignition potential from static, sparks and open flames.

Their low-emission performance, combined with user friendly one hand operation means increased satisfaction for the customer. This ease of use offers safer operations, fewer failures and lower maintenance costs.

The VST nozzle design requires no ORVR detection. The resulting reduction in monitoring and testing means fewer opportunities for alarms and station shut-downs.

This combination of advantages results in overall lower cost of ownership for the dispensing facility.

## Specifications:

| Part Number: | VST-EVR-NB8K |
|---|---|
| Thread: | 1-7/8" – 12 UN 2B (female thread) |
| Weight: | 3.3 lbs. |
| Certifications & Listings: | UL Listed<br>California Air Resources Board (CARB) certified<br>(Enhanced Vapor Recovery Specifications)<br>California OSHA approved<br>California Department of Measurement Standards<br>California State Fire Marshal<br>California State Water Board |

## Construction:

| Body: | Cast aluminum body<br>High strength and durability<br>Manufactured to be factory rebuilt |
|---|---|
| Spout: | Aluminum spout with stainless steel insert<br>Meets dripless specifications |
| Combination fuel/vapor valve: | Lever-actuated valves<br>Performs reliably in all temperatures<br>Gasoline and vapor resistant |
| Lever: | Highly-engineered plastic lever<br>and lever guard |
| Face Seal: | 2 piece molded, highly-engineered polymers<br>Designed to withstand tough chemical and mechanical demands |
| Collection Sleeve: | Specifically designed engineered plastic<br>Highly durable<br>Fuel-resistant to liquid and vapors for maximum performance and long service life |

## ENVIRO-LOC NOZZLE Features, Benefits and Advantages

| Features | Benefits | Advantages |
|---|---|---|
| • VST Design (patented): | • Meets and exceeds all CARB EVR nozzle requirements<br>• CARB certification<br>• Low emissions | |
| • No A/L control required | • No A/L nozzle testing | • Positive cash payback |
| • No ORVR detection required | • No ORVR detection valve<br>• Fewer opportunities for ISD alarms | • Higher customer satisfaction |
| • No vapor pumps required in the dispenser | • Simpler design<br>• Fewer moving parts | |
| • GDF owner/ operator can replace without calling a service tech | • More flexible maintenance<br>• More control over your maintenance<br>• Less interruption of your operation | • Lower maintenance expense |
| • One-hand, hold-open clip: | • User Friendly | • Designed for maximum safety |
| • Dripless / spitless | • Meets the regulations<br>• Reduces fuels drips on hands, clothes, shoes, and ground<br>• Reduces sources of fuel odor<br>• Environmentally friendly | |
| • Safe and durable interlock design: | • Eliminates accidental fuel spillage<br>• Reduces emissions caused by dripping, spitting, and liquid retention | • Fewer station shut-downs |
| • Factory-Based Rebuild Program: | • Integrity of the rebuilt nozzle<br>• Low-cost reliable replacement parts | • Lower cost of ownership |



**Vapor Systems Technologies, Inc.**
650 Pleasant Valley Drive
Springboro, Ohio 45066 (USA)
Toll Free: 1-888-878-4673

Phone: 937-704-9333
Fax: 937-704-9443
www.vsthose.com

VST-105-08/08

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Exhibit "C"**

# Product Bulletin

## VST Balance Nozzle Clip Removal and CARB Advisory 418



Vapor Systems Technologies, Inc.
650 Pleasant Valley Drive
Springboro, Ohio 45066 (USA)

Toll Free: 1-888-878-4673
Phone: 937-704-9333
Fax: 937-704-9443
www.vsthose.com

### 06.21.10

In the past several weeks and months, Vapor Systems Technologies, Inc. (VST) has surveyed numerous GDF (Gasoline Dispensing Facility) sites throughout the State of California and found that many sites have not been conducting weekly inspections of equipment as outlined in the applicable Executive Orders. VST has catalogued a huge and unanticipated number of drive-off events throughout the state (thousands per month). Furthermore, it has also been reported that a number of illegal and unauthorized repairs are being made to our equipment.

In the event that proper maintenance, repairs, replacements, and inspections are not conducted, a nozzle failure may occur and result in a hazardous condition. All gasoline nozzles, or any mechanical device for that matter, will eventually fail for some reason. Frequent inspections are critical to assure maximum safety. Failed or damaged nozzles can unexpectedly cause gasoline spray. As a result of these issues, VST has coordinated an effort with the California State Fire Marshal and CARB to generate Advisory 418. The advisory, issued May 28, 2010, requires the daily inspection of the equipment to help minimize any risks.

Due to the uncertainty that inspections will occur in a timely and routine manner, VST has concluded Advisory 418 does not go far enough. In order to protect the public, the removal of all nozzle hold-open clips is required until an alternate solution is adopted. Effective immediately, all future production of VST balance nozzles, both new and rebuilt, will be shipped without hold-open clips. In addition, we are dispatching crews to our distribution locations to remove the hold-open clip from all existing inventory. Furthermore and most importantly, we have dispatched a number of contractors and VST personnel throughout the state to begin the removal of all nozzle hold-open clips currently in service.

Enclosed is a copy of authorization from the California State Fire Marshal and CARB that underscores our activity. In addition, VST whole heartedly supports CARB Advisory 418, and all stations should adhere to this policy as it is the law. Protection of the public is paramount. We ask for your assistance and support with this decision. Over the next number of days and weeks we will purge all hold open clips from the state and hope to complete these activities with a minimum of disturbance to your respective businesses.

Sincerely,

*Glenn K. Walker*

Glenn K. Walker
President
Vapor Systems Technologies, Inc.

## SEE FOLLOWING PAGES

| SHORT TITLE: Y.R.T., Inc., et al. v. Vapor Systems Technologies, Inc. | CASE NUMBER: BC441295 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☒ YES   CLASS ACTION? ☒ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 10 ☐ HOURS/ ☒ DAYS

Item II.  Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:**  After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:**  Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:**  In Column C, circle the reason for the court location choice that applies to the type of action you have checked.
For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (See Column C below) |
|---|

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:**  Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | ☒ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

LACIV 109  (Rev. 01/07)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC, rule 2.0
Page 1 of 4
LA-481

| SHORT TITLE: Y.R.T., Inc., et al. v. Vapor Systems Technologies, Inc. | CASE NUMBER | |
|---|---|---|

| A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Professional Negligence (25)** | ☐ A6017 | Legal Malpractice | 1., 2., 3. |
| | ☐ A6050 | Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| **Other (35)** | ☐ A6025 | Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Wrongful Termination (36)** | ☐ A6037 | Wrongful Termination | 1., 2., 3. |
| **Other Employment (15)** | ☐ A6024 | Other Employment Complaint Case | 1., 2., 3. |
| | A6109 | Labor Commissioner Appeals | 10. |
| **Breach of Contract/ Warranty (06) (not insurance)** | ☐ A6004 | Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | ☐ A6008 | Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019 | Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028 | Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| **Collections (09)** | A6002 | Collections Case-Seller Plaintiff | 2., 5., 6. |
| | A6012 | Other Promissory Note/Collections Case | 2., 5. |
| **Insurance Coverage (18)** | ☐ A6015 | Insurance Coverage (not complex) | 1., 2., 5., 8. |
| **Other Contract (37)** | ☐ A6009 | Contractual Fraud | 1., 2., 3., 5. |
| | A6031 | Tortious Interference | 1., 2., 3., 5. |
| | A6027 | Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Eminent Domain/Inverse Condemnation (14)** | ☐ A7300 | Eminent Domain/Condemnation   Number of parcels _____ | 2. |
| **Wrongful Eviction (33)** | ☐ A6023 | Wrongful Eviction Case | 2., 6. |
| **Other Real Property (26)** | ☐ A6018 | Mortgage Foreclosure | 2., 6. |
| | ☐ A6032 | Quiet Title | 2., 6. |
| | ☐ A6060 | Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer - Commercial (31)** | ☐ A6021 | Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| **Unlawful Detainer - Residential (32)** | ☐ A6020 | Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| **Unlawful Detainer - Drugs (38)** | ☐ A6022 | Unlawful Detainer-Drugs | 2., 6. |
| **Asset Forfeiture (05)** | ☐ A6108 | Asset Forfeiture Case | 2., 6. |
| **Petition re Arbitration (11)** | ☐ A6115 | Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

Left margin vertical labels: Non-Personal Injury/Property Damage/Wrongful Death Tort (Cont'd.) · Employment · Contract · Real Property · Unlawful Detainer · Judicial Review

| SHORT TITLE: Y.R.T., Inc., et al. v. Vapor Systems Technologies, Inc. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br>(02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ / Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment<br>(20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above)<br>(42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Y.R.T., Inc., et al. v. Vapor Systems Technologies, Inc. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS: |
|---|---|
| X 1.   ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. | 6051 Franklin Ave., |

| CITY: Los Angeles | STATE: CA | ZIP CODE: 90028 |
|---|---|---|

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk _____ courthouse in the Central _____ District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: 7/8/10 _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

Martin R. Fox, Esq.

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 4 of 4

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Martin R. Fox, Esq. SBN: 155783<br>Bleau Fox, a P.L.C.<br>3575 Cahuenga Blvd., West<br>Suite 580<br>Los Angeles, CA 90068<br>TELEPHONE NO.: 323-874-8613  FAX NO.: 323-874-1234<br>ATTORNEY FOR (Name): Plaintiffs | CONFORMED COPY<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>JUL 08 2010<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____, Deputy<br>A. El LaFLEUR-CLAYTON |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90068
BRANCH NAME: Stanley Mosk

CASE NAME: Y.R.T., INC., et al. v. VAPOR SYSTEMS TECHNOLOGIES, INC.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: BC441295 |
|---|---|---|---|
| X Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☒ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. ☐ monetary b. ☐ nonmonetary; declaratory or injunctive relief c. ☐ punitive
4. Number of causes of action *(specify):* 5
5. This case ☒ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 7/8/08

Martin R. Fox, Esq. SBN: 155783
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

1  Martin Fox, Esq., SBN: 155783
   BLEAU FOX, A P.L.C.
2  3575 Cahuenga Blvd., West, Suite 580
   Los Angeles, CA 90068
3  Telephone: (323) 874-8613
   Facsimile: (323) 874-1234
4  mfox@bleaufox.com

5  Attorneys for Plaintiff,
   Y.R.T Inc. et. al.

6

7                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                 FOR THE COUNTY OF LOS ANGELES-CENTRAL DISTRICT

9

10                                          )
11  Y.R.T Inc. et. al.,                      )   CASE NO: BC441295
                                            )   [Assigned for all purposes to the Honorable
12                    Plaintiff,             )   John P. Shook, Dept. 53]
                                            )
13  v.                                      )
                                            )   NOTICE OF RULING
    Vapor Systems Technologies, Inc.,       )
14                                          )
                    Defendants.             )
15                                          )
    _____)

16

17

18  TO THE ALL INTERESTED PARTIES AND THEIR ATTORNEYS:

19      PLEASE TAKE NOTICE that on July 30th, 2010  in department 324 the above-entitled court,

20  located at 600 South Commonwealth Avenue, Los Angeles, CA 90005, issued the following ruling:

21          1)    This case is designated non-complex.

22          2)    This case is reassigned to Judge John P. Shook in Department 53 at Stanley Mosk

23                Courthouse for all further proceedings.

24          3)    Plaintiff was ordered to give Notice of Ruling.

25

26      A true and correct copy of the court's order is attached hereto as Exhibit "A".

27  ///

28  ///

                                              1

                                   Notice of Ruling

1

2

3   Date: August 4, 2010                          By: _____
4                                                      Martin Fox, Esq.
                                                       BLEAU  FOX, A P.L.C.
5                                                      Attorney for Plaintiff
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

Notice of Ruling

# EXHIBIT "A"

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 07/30/10

DEPT. 324

HONORABLE  EMILIE H. ELIAS        JUDGE   A. MORALES        DEPUTY CLERK

HONORABLE                JUDGE PRO TEM        ELECTRONIC RECORDING MONITOR

NONE           Deputy Sheriff   NONE              Reporter

| | | | |
|---|---|---|---|
| 8:30 am | BC441295 | Plaintiff Counsel | |
| | Y R T INC ET AL | | NO APPEARANCES |
| | VS | Defendant | |
| | VAPOR SYSTEMS TECHNOLOGIES INC | Counsel | |
| | NON-COMPLEX (07-30-10) | | |

**NATURE OF PROCEEDINGS:**

COURT ORDER

This Court makes its determination whether or not this
case should be deemed complex pursuant to Rule 3.400
of the California Rules of Court.

This case is designated non-complex and is reassigned
to Judge John P. Shook in Department 53 at
Stanley Mosk Courthouse for all further proceedings.

Plaintiff is ordered to serve a copy of this minute
order on all parties forthwith and file a proof of
service in Department 53 within five (5) days of
service.

Any party objecting to the non-complex designation
must file an objection and proof of service in
Department 324 within ten (10) days of service of this
minute order. Any response to the objection must be
filed in Department 324 within seven (7) days of
service of the objection. This Court will make its
ruling on the submitted pleadings.

            CLERK'S CERTIFICATE OF MAILING/
              NOTICE OF ENTRY OF ORDER


            Page   1 of  2   DEPT. 324

MINUTES ENTERED
07/30/10
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 07/30/10

HONORABLE EMILIE H. ELIAS                          JUDGE

HONORABLE
                                              JUDGE PRO TEM

DEPT. 324

A. MORALES                    DEPUTY CLERK

                              ELECTRONIC RECORDING MONITOR

NONE                Deputy Sheriff  NONE                 Reporter

|  |  |  |  |
|---|---|---|---|

8:30 am  BC441295

Y R T INC ET AL
VS
VAPOR SYSTEMS TECHNOLOGIES INC

NON-COMPLEX (07-30-10)

Plaintiff
Counsel

Defendant
Counsel

NO APPEARANCES

**NATURE OF PROCEEDINGS:**

I, the below named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am not
a party to the cause herein, and that this date I
served Notice of Entry of the above minute order of
07-30-10 upon each party or counsel named below by
depositing in the United States mail at the courthouse
in Los Angeles, California, one copy of the
original entered herein in a separate sealed envelope
for each, addressed as shown below with the postage
thereon fully prepaid.

Date: 07-30-10

John A. Clarke, Executive Officer/Clerk

By: **KIN HILAIRE**
         K. HILAIRE

BLEAU FOX, A.P.L.C.
Thomas P. Bleau, Esq.
3575 Cahuenga Boulevard West, Suite 580
Los Angeles, California  90068

Page   2 of  2   DEPT. 324

| MINUTES ENTERED |
|---|
| 07/30/10 |
| COUNTY CLERK |

**PROOF OF SERVICE**

1

2

3   **STATE OF CALIFORNIA**        )
                                    )ss
4   **COUNTY OF LOS ANGELES**      )

5
        I am employed in the County of Los Angeles, State of California. I am over the age of 18 and
6   not a party to the within action;  my business address is **3575 Cahuenga Boulevard, West, Suite
    580, Los Angeles, California 90068.**
7
        On **August 4, 2010,** I served the foregoing documents described as: **NOTICE OF RULING**
8   on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope
    addressed as follows:
9
    650 Pleasant Valley Drive
10  Springboro, Ohio 45066
    Attn: Glenn K. Walker
11

12  [  ] BY PERSONAL SERVICE

13  [ X ] BY MAIL

14      [  ] As follows:  I am readily familiar with the firm's practice of collection and processing
    correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on
15  that same day with postage thereon fully prepaid at Los Angeles California in the ordinary course of
    business.  I am aware that on motion of the party served, service is presumed invalid if postal
16  cancellation date or postage meter date is more than one day after date of deposit for mailing
    affidavit.
17
    [ X ]  (State) I declare under the penalty of perjury under the laws of the State of California that
18  the above is true and correct.

19  [  ] (Federal) I declare under the penalty of perjury under the laws of the United States of
    America that the above is true and correct.
20
        Executed on **August 4, 2010**, at Los Angeles, California.
21

22

23                                              Heather Garman

24

25

26

27

28

_____
                            Proof of Service

EXHIBIT  B



1  TODD M. SORRELL (State Bar No. 175143)
   TARIFA B. LADDON (State Bar No. 240419)
2  **FULBRIGHT & JAWORSKI L.L.P.**
   555 South Flower Street
3  Forty-First Floor
   Los Angeles, California 90071
4  Telephone:    (213) 892-9200
   Facsimile:    (213) 892-9494
5  Email:        tsorrell@fulbright.com
                 tladdon@fulbright.com
6
   Attorneys for Defendant
7  VAPOR SYSTEMS TECHNOLOGIES, INC.

8              IN THE UNITED STATES DISTRICT COURT

9          FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11 Y.R.T., INC., a California corporation, V        )   Civil Action No.
   and H, INC., a California corporation;           )
12 GLENROSE, INC., a California                     )   **DECLARATION OF GLENN K.**
   corporation; BEVANDREWS, INC., a                 )   **WALKER FILED IN SUPPORT**
13 California corporation,                           )   **OF VAPOR SYSTEMS**
                                                     )   **TECHNOLOGIES INC.'S**
14                     Plaintiffs,                   )   **NOTICE OF REMOVAL OF**
                                                     )   **ACTION UNDER 28 U.S.C.**
15 vs.                                               )   **§1453 (CLASS ACTION**
                                                     )   **FAIRNESS ACT OF 2005)**
16 VAPOR SYSTEMS TECHNOLOGIES,                       )
   INC., an Ohio corporation; and DOES 1            )
17 through 100, inclusive,                           )
                                                     )
18                     Defendants.                   )

19

20

21

22

23

24

25

26

27

28
DOCUMENT PREPARED
ON RECYCLED PAPER     90141743.1                    - 1 -

## DECLARATION OF GLENN K. WALKER

I, Glenn K. Walker, declare as follows:

1.     I make this declaration based on my own personal knowledge or on information and belief where stated and, if called as a witness, would and could competently testify thereto.  I make this declaration in support of Vapor Systems Technologies, Inc.'s ("Vapor Systems") Notice of Removal.

2.     I am the President of Vapor Systems, an Ohio corporation with its principal place of business in Springboro, Ohio.  Vapor Systems' nerve center is located in Ohio as its executive and administrative functions are performed in that state.  Ohio contains a substantial predominance of Vapor Systems' corporate operations.

3.     Vapor Systems specializes in the development, engineering, and manufacturing of products that are sold into the Gasoline Dispensing Facility ("GDF") segment of the petroleum industry.

4.     In 2007, the California Air Resources Board ("CARB") certified Vapor Systems' VST Enviro-Loc EVR Balance Fuel Nozzles ("Nozzles") to be compliant with all state and federal requirements, as did the Office of the California State Fire Marshal ("OSFM").

5.     Subsequent to certification, Vapor Systems installed approximately 35,000 Nozzles in approximately 3,100 GDFs throughout California.

6.     Each Nozzle costs the GDF owner approximately $350 to replace.

7.     On June 18, 2010, CARB and OSFM notified GDF owners that in rare instances, the Nozzles can cause gasoline to spray upon activation of the dispenser and before the Nozzle is put into the vehicle fuel tank.  In that letter, the state stated that removal of the Nozzle hold-open clip was "necessary."  (*See* Compl., Ex. A).

8. At the direction of CARB and OSFM, Vapor Systems implemented a short-term solution to prevent gasoline spray, which involved removal of Nozzle hold-open clips at some GDFs.

9. In removing hold-open clips in selected GDFs, Vapor Systems relied upon and complied with CARB and the OFSM's requests and attempted to cooperate with these state agencies in good faith in an effort to resolve any problem.

I declare under penalty of perjury under the laws of the State of Ohio and the United States that the foregoing is true and correct and that this declaration is executed this 11th day of August, 2010, at Springboro, Ohio.

Glenn K. Walker

90141743.1

- 3 -

DOCUMENT PREPARED
ON RECYCLED PAPER

**EXHIBIT C**

1 | **FULBRIGHT & JAWORSKI L.L.P.**
TODD M. SORRELL (State Bar No. 175143)
2 | TARIFA B. LADDON (State Bar No. 240419)
555 South Flower Street
3 | Forty-First Floor
Los Angeles, California 90071
4 | Telephone:    (213) 892-9200
Facsimile:    (213) 892-9494
5 | Email:    tsorrell@fulbright.com
tladdon@fulbright.com
6 |
Attorneys for Defendant
7 | VAPOR SYSTEMS TECHNOLOGIES, INC.

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | COUNTY OF LOS ANGELES

10 | CENTRAL DISTRICT

11 | Y.R.T., INC., a California corporation, V and H, )   Case No.  BC 441295
INC., a California corporation; GLENROSE, )
12 | INC., a California corporation; BEVANDREWS, )   **DEFENDANT VAPOR SYSTEMS**
INC., a California corporation, )   **TECHNOLOGIES, INC.'S ANSWER**
13 | )   **TO PLAINTIFFS' COMPLAINT**
Plaintiffs, )
14 | )   Complaint Filed:        07/08/2010
vs. )
15 | )
VAPOR SYSTEMS TECHNOLOGIES, INC., an )
16 | Ohio corporation; and DOES 1 through 100, )
inclusive, )
17 | )
Defendants. )
18 | )

19 | Defendant VAPOR SYSTEMS TECHNOLOGIES, INC., an Ohio limited liability

20 | company, for itself alone and for no other individuals or entities, hereby answers the unverified

21 | Complaint of Plaintiffs as set forth in the following:

22 | Pursuant to California Code of Civil Procedure, section 431.30, Defendant generally and

23 | specifically denies each and every allegation contained in the Complaint.  Defendant further

24 | generally denies that Plaintiffs have suffered damages of any nature as a result of any action or

25 | omission by Defendant.

26 | Defendant, without in any way admitting any allegations of the Complaint, alleges

27 | separate, independent, and affirmative defenses as follows, and asserts that discovery will assist

28 |

1  in the ultimate determination.  Defendant alleges that Defendant has not knowingly or voluntarily

2  waived any applicable affirmative defenses and reserves the right to assert and rely on such other

3  applicable affirmative defenses as may become available or apparent during discovery

4  proceedings.  Defendant further reserves the right to amend its answer and/or affirmative defenses

5  accordingly and/or to declare affirmative defenses that it determines are not applicable during the

6  course of subsequent discovery.

7                        **FIRST AFFIRMATIVE DEFENSE**

8                        **(Failure to State a Cause of Action)**

9          1.      As a first and separate affirmative defense to the Complaint, Defendant alleges that

10  the Complaint, and each of its purported causes of action, fails to state facts sufficient to

11  constitute a cause of action against Defendant.

12                       **SECOND AFFIRMATIVE DEFENSE**

13                       **(Statutes of Limitations)**

14         2.      As a second and separate affirmative defense to the Complaint, Defendant alleges

15  that the Complaint, and each purported cause of action alleged therein, is barred by the applicable

16  provisions of pertinent statutes of limitations contained in the California Code of Civil Procedure.

17                       **THIRD AFFIRMATIVE DEFENSE**

18                       **(Laches)**

19         3.      As a third and separate affirmative defense to the Complaint, Defendant alleges

20  that Plaintiffs are barred by the doctrine of laches from asserting all of the claims in the

21  Complaint.

22                       **FOURTH AFFIRMATIVE DEFENSE**

23                       **(Estoppel and Waiver)**

24         4.      As a fourth and separate affirmative defense to the Complaint, Defendant alleges

25  that the claims in the Complaint are barred by the doctrines of estoppel and/or waiver.

26

27

28

## FIFTH AFFIRMATIVE DEFENSE

### (Adequacy of Remedy at Law)

5.     As a fifth and separate affirmative defense to the Complaint, Defendant alleges that any alleged injury or damage suffered by Plaintiffs, if any there be, would be adequately compensated by a matter at law for damages.   Accordingly, Plaintiffs have a complete and adequate remedy at law and are not entitled to seek equitable relief.

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

6.     As a sixth and separate affirmative defense to the Complaint, Defendant alleges that no relief may be obtained under the Complaint by reason of the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

### (Good Faith)

7.     As a seventh and separate affirmative defense to the Complaint, Defendant alleges that the claims in the Complaint are barred because Defendant entered into any alleged transactions in good faith.

## EIGHTH AFFIRMATIVE DEFENSE

### (Justification)

8.     As an eighth and separate affirmative defense to the Complaint, Defendant alleges that Plaintiffs' claims are barred because all action and conduct undertaken by Defendant was justified and in good faith.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

9.     As a ninth and separate affirmative defense to the Complaint, Defendants alleges that Plaintiffs failed to mitigate their damages, if any.

## TENTH AFFIRMATIVE DEFENSE

### (Intervening Causes)

10.     As a tenth and separate affirmative defense to the Complaint and each cause of action alleged against Defendant, Defendant alleges that, to the extent that Plaintiffs may have

DOCUMENT PREPARED
ON RECYCLED PAPER

1   suffered any injuries or damages, said injury or damages were caused in whole or in part by the

2   intentional or negligent acts or omissions of another or others whose conduct Defendant had no

3   reason or opportunity to anticipate. Thus, the acts or omissions, if any, of Defendant was not a

4   substantial factor in causing Plaintiffs' alleged injuries and, therefore, were not a contributing

5   cause thereof but were superseded by the acts or omissions of others, which were independent,

6   intervening and proximate causes of any damage suffered by Plaintiffs.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Impossibility and Impracticability)

9   11.   As an eleventh and separate affirmative defense to the Complaint, Defendants

10   alleges that Plaintiffs' claims are barred, in whole or in part, due to impossibility and/or

11   impracticability of Defendant's performance.

## TWELFTH AFFIRMATIVE DEFENSE

### (Mistake)

14   12.   As a twelfth separate and affirmative defense to the Complaint, Plaintiffs' claims

15   may be barred, in whole or in part, due to mistake of fact or mutual mistake.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Meeting of the Minds)

18   13.   As a thirteenth separate and affirmative defense to the Complaint, Plaintiffs'

19   claims may be barred, in whole or in part, to the extent there was no meeting of the minds.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Comparative and/or Contributory Fault)

22   14.   As a fourteenth and separate affirmative defense to the Complaint, Defendant

23   alleges that the damages suffered by Plaintiffs, if any, were directly and proximately caused, in

24   whole or in part, by the acts or omissions of Plaintiffs. Plaintiffs' recovery, if any, should be

25   diminished to the extent that said damages are attributable to said acts or omissions. Further,

26   Defendant is entitled to an order comparing and allocating responsibility for any loss or damage

27   sustained by Plaintiffs in accordance with the degree of fault or other legal cause of damage by all

28   other persons or entities, whether or not parties to this action.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to use Ordinary Care)

15.    As a fifteenth and separate affirmative defense to the Complaint, Defendant alleges that Plaintiffs failed to use ordinary care in the use/care of the product at issue.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Misuse of Product Causing Injuries/Damages)

16.    As a sixteenth and separate affirmative defense to the Complaint, Defendant alleges that third parties and/or Plaintiffs misused the products described in the Complaint, and such misuse was without Defendant's knowledge, approval, or consent and was contrary to instructions, labels and/or warnings that were delivered.  Plaintiffs' damages for which Plaintiffs seek recovery were solely and proximately caused by such misuse of the products described in the Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Due Care)

17.    As a seventeenth and separate affirmative defense to the Complaint, Defendant is not liable to Plaintiffs in any sum or sums whatsoever as to each purported cause of action because, at all times relevant hereto, and in the exercise of its duties owed to Plaintiffs, Defendant acted with due care and in a commercially reasonable manner.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Improper Alteration of Product)

18.    As an eighteenth and separate affirmative defense to the Complaint, Defendant is informed and believes and upon such information and belief alleges that Plaintiffs, or third parties not yet a party to this action, unreasonably altered the product in question after it left the control, if any, of Defendant, and that this alteration of the product, which was unforeseeable to this answering Defendant, proximately caused the defect, injuries, losses and damages complained of, if there were any.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Proximate Cause)

19.     As a nineteenth and separate affirmative defense to the Complaint, Defendant alleges that each purported cause of action is barred because Defendant did not proximately cause any or the damages, injuries, or harms alleged in the Complaint.  The damages suffered by Plaintiffs in each cause of action, if any, were caused in whole or in part by intervening or superseding independent causes unforeseeable by Defendant and not under Defendant's supervision or control, and preclude a finding of liability on the part of Defendant.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Failure to Read Instruction and Warning)

20.     As a twentieth and separate affirmative defense to the Complaint, Defendant alleges that the alleged injuries in question and the alleged damages in question were the result of Plaintiffs' failure to read warnings and instructions and/or to heed the same.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Satisfaction of Duty to Warn)

21.     As a twenty-first and separate affirmative defense to the Complaint, Defendant alleges that any duty to warn Plaintiffs about the use of the subject product or any duty to warn of any potential dangers associated with the subject product, without admitting that any such duties were owed by Defendant, were adequately performed by Defendant.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Failure to Give Proper Notice)

22.     As a twenty-second and separate affirmative defense to the Complaint, Defendant is informed and believes and upon such information and belief alleges that there was a failure to give due and proper notice for the purpose of any alleged breach of warranty.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Limitation of Warranty)

23.     As a twenty-third and separate affirmative defense to the Complaint, Defendant alleges that the warranty, if any, extended to Plaintiffs by Defendant limits the damages that may

DOCUMENT PREPARED
ON RECYCLED PAPER

90137195.1

ANSWER TO COMPLAINT

1  be obtained by Plaintiffs for any alleged breach of warranty, such that some, if not all, of the

2  damages complained of are not recoverable by Plaintiffs.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

#### (Continuation of Use of Product After Determination That Product Defective)

24.    As a twenty-fourth and separate affirmative defense to the Complaint, Defendant alleges that Plaintiffs determined that the product was not working as contemplated and continued using it, to their own damage.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

#### (State of the Art)

25.    As a twenty-fifth and separate affirmative defense to the Complaint, Defendant alleges that the product was state of the art.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

#### (Frustration of Purpose)

26.    As a twenty-sixth and separate affirmative defense to the Complaint, Defendant alleges that the purpose of the contract was frustrated and, therefore, Defendant was discharged from further performance.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

#### (Prevention of Performance by Plaintiff)

27.    As a twenty-seventh and separate affirmative defense to the Complaint, Defendant alleges that Defendant's performance under the alleged contract was prevented by Plaintiffs' acts or omissions.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

#### (Set-off)

28.    As a twenty-eighth and separate affirmative defense to the Complaint, Defendant alleges that any amounts that Defendant allegedly owes to Plaintiffs are to be set off against the amounts owed by Plaintiffs.

90137195.1

DOCUMENT PREPARED
ON RECYCLED PAPER

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Excuse of Performance)

29.     As a twenty-ninth and separate affirmative defense to the Complaint, Defendant alleges that its performance under the contract was excused.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Compliance with Legal Obligation)

30.     As a thirtieth and separate affirmative defense to the Complaint, Plaintiffs' claims may be barred, in whole or in part, due to Defendant's compliance with legal obligations.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Lack of Standing)

31.     As a thirty-first and separate affirmative defense to the Complaint, Plaintiffs' claims may be barred, in whole or in part, due to the fact that Plaintiffs lack standing.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Failure to Meet the Standard of a Class Action)

32.     As a thirty-second and separate affirmative defense to the Complaint, Plaintiffs' claims may be barred, in whole or in part, due to the fact that Plaintiffs fail to meet the standard of a class action.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Compliance with Directives of State Agencies)

33.     As a thirty-third and separate affirmative defense to the Complaint, Plaintiffs' claims may be barred, in whole or in part, due to the fact that Defendant's actions were taken in response to directives issued by the California Air Resources Board and the California State Fire Marshall.

WHEREFORE, Defendant prays for judgment as follows:

1.     That Plaintiffs take nothing by reason of the Complaint or any claims stated therein;

90137195.1

- 8 -

DOCUMENT PREPARED ON RECYCLED PAPER

2.    That the Complaint and each cause of action contained therein be dismissed against Defendant with prejudice;

3.    That Defendant recovers its costs, disbursements, expenses, and attorneys' fees (if permissible) herein; and

4.    That the Court grant such other and further relief as it may deem just and proper.


Dated: August 10, 2010                    **FULBRIGHT & JAWORSKI L.L.P.**
                                          TODD M. SORRELL
                                          TARIFA B. LADDON


                                          By _____
                                              TARIFA B. LADDON
                                              Attorneys for Defendant
                                              VAPOR SYSTEMS TECHNOLOGIES, INC.

DOCUMENT PREPARED
ON RECYCLED PAPER

1

## PROOF OF SERVICE

2        I, Teresa Amos, declare:

3        I am a citizen of the United States and employed in Los Angeles County, California. I am

4  over the age of eighteen years and not a party to the within-entitled action. My business address

5  is 555 South Flower Street, Forty-First Floor, Los Angeles, California 90071. On August 10,

6  2010, I served a copy of the within document(s): **DEFENDANT VAPOR SYSTEMS**

7  **TECHNOLOGIES, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**

8
9  ☐   by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

10
11  ☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

12
13  ☐   by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

14
15  ☐   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

16  ☐   by transmitting via e-mail the document(s) listed above to the e-mail address(es) set forth below on this date before 5:00 p.m.

17  Thomas P. Bleau, Esq.
18  Martin Fox, Esq.
     Bleau Fox, a P.L.C.
19  3575 Cahuenga Boulevard West
     Suite 580
20  Los Angeles, California 90068
     Telephone:   (323) 874-8613
21  Facsimile:    (323) 874-1234
     Email:       tbleau@bleaufox.com
22              mfox@bleaufox.com

23  Attorneys for Plaintiffs

24

25        I am readily familiar with the firm's practice of collection and processing correspondence

26  for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same

27  day with postage thereon fully prepaid in the ordinary course of business. I am aware that on

28

DOCUMENT PREPARED
ON RECYCLED PAPER

90137195.1

- 10 -

1   motion of the party served, service is presumed invalid if postal cancellation date or postage

2   meter date is more than one day after date of deposit for mailing in affidavit.

3       I declare under penalty of perjury under the laws of the State of California that the above

4   is true and correct.  Executed on August 10, 2010, at Los Angeles, California.

5

6                                        _____

7                                                Teresa Amos

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

90137195.1

- 11 -

ANSWER TO COMPLAINT

**FULBRIGHT & JAWORSKI L.L.P.**
TODD M. SORRELL (State Bar No. 175143)
TARIFA B. LADDON (State Bar No. 240419)
555 South Flower Street
Forty-First Floor
Los Angeles, California 90071
Telephone:    (213) 892-9200
Facsimile:    (213) 892-9494
Email:    tsorrell@fulbright.com
         tladdon@fulbright.com

Attorneys for Defendant
VAPOR SYSTEMS TECHNOLOGIES, INC.

ORIGINAL FILED

AUG 1 1 2010

LOS ANGELES
SUPERIOR COURT

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

CENTRAL DISTRICT

| | |
|---|---|
| Y.R.T., INC., a Calfornia corporation; V and H, INC., a California corporation; GLENROSE, INC., a California corporation; BEVANDREWS, INC., a California corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>VAPOR SYSTEMS TECHNOLOGIES, INC., an Ohio corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CLASS ACTION<br><br>Case No. BC 441295<br><br>**DEFENDANT VAPOR SYSTEMS TECHNOLOGIES INC.'S OBJECTION TO ORDER DESIGNATING CASE AS NON-COMPLEX** |

## I.    INTRODUCTION

On July 8, 2010, Plaintiffs Y.R.T., Inc., V and H, Inc., Glenrose, Inc., and Bevandrews, Inc. on behalf of themselves and all those similarly situated (collectively, "Plaintiffs"), commenced this action by filing their Class Action Complaint for false advertising, violation of California Business and Professions Code § 17200 et seq., negligent misrepresentation, negligence and breach of warranty against defendant Vapor Systems Technologies, Inc. ("VST"). The primary focus of the complaint involves gas pump nozzles that have been installed on approximately 35,000 pumps throughout the State of California.    VST is the manufacturer of those nozzles which have been certified by the California Air Resources Board ("CARB") and the

DOCUMENT PREPARED
ON RECYCLED PAPER

1   State Fire Marshal, among other agencies. Through a series of actions, those agencies deemed it

2   necessary to remove the hold-open clips on the nozzles as a short-term solution to a purported

3   spray problem that was arising due to the failure of gas station owners to conduct inspections or

4   from damaged nozzles from drive-off events, etc. In an effort to comply, VST began removing

5   some of the clips. Plaintiffs then filed this lawsuit on behalf of at least "hundreds" of gas station

6   owners, claiming that by so doing, VST was harming their businesses, was breaching warranties,

7   and was engaging in misconduct.

8           This case is complex for at least the following reasons:

9           (1) This class action has the potential to be large and complicated.

10          (2) A number of different state agencies that are not necessarily cooperating are currently

11  working on new advisories, regulations, and certifications. This is a very fluid situation and VST

12  and the gas station owners are somewhat at the mercy of these regulatory agencies. Every issue

13  that arises in this case will necessarily be impacted by the state of the law (which is currently

14  evolving by agency advisories and executive orders), the remedies suggested or imposed by the

15  agencies, VST's production capabilities and new products, etc. In short, there is nothing simple

16  about this case and it must be managed carefully and deliberately in order to ensure that every

17  angle is covered.

18          (3) This class action will likely involve numerous issues of first impression and

19  substantial discovery relating to compliance with the law, the interrelationship between warranty

20  issues and agency directives, nozzle inspections for potentially thousands of nozzles or station

21  owners, and an analysis of each clip removal or modification.

22          (4) A number of environmental and regulatory issues are involved.

23          (5) Potentially thousands of witnesses, documents, and products are involved and will be

24  impacted by how the Court handles this case. More specifically, this case – and the way it is

25  handled – has the potential to have an immediate negative impact on thousands of California gas

26  stations and consumers, while at the same time interfering with the regulatory process which is

27  ongoing.

28

1      This Court should maintain the complex case designation as this class action involves a

2   very fluid situation which needs to be coordinated with agency activity, manufacturer

3   responsibility, station owner responsibility, and potential solutions for the industry and consumer.

4   **II.   ARGUMENT**

5      "A 'complex case' is an action that requires exceptional judicial management to avoid

6   placing unnecessary burdens on the court or the litigants and to expedite the case, keep costs

7   reasonable, and promote effective decision making by the court, the parties, and counsel." Cal. R.

8   of Ct. 3.400(a).  In addition to being a class action (*see* Cal. R. of Ct. 3.400(c)(6)), the California

9   Rules of Court provide for the following non-exclusive list of factors to aid in the determination

10  of whether a particular case should be deemed complex:

11     (1) Numerous pretrial motions raising difficult or novel legal issues that will be time-

12  consuming to resolve;

13     (2) Management of a large number of witnesses or a substantial amount of documentary

14  evidence;

15     (3) Management of a large number of separately represented parties;

16     (4) Coordination with related actions pending in one or more courts in other counties, states

17  or countries, or in a federal court; or

18     (5) Substantial postjudgment judicial supervision.

19  Cal. R. of Ct. 3.400(b).

20     As set forth above, there will be numerous difficult or novel legal issues raised in pretrial

21  motions.  For example, if Plaintiff attempts to proceed with discovery at this point, VST will

22  undoubtedly seek a stay of all proceedings until such time as CARB and the Fire Marshal make

23  decisions relating to any executive orders they might issue and until such time as a solution is

24  reached which will necessarily involve industry representatives, station owners, manufacturers,

25  and State agencies.  Furthermore, VST's primary defense at this point is based on the fact that it

26  was simply complying with agency directives when it removed the hold-open clips about which

27  Plaintiffs now complain.  Issues will undoubtedly arise if discovery from State employees (actual

28

DOCUMENT PREPARED
ON RECYCLED PAPER

1   decision makers as well as contact people) is required.  Furthermore, if a writ of administrative

2   mandamus is required against any State agency, it will necessarily impact this litigation.

3       Second, approximately 35,000 nozzles were installed for about 3,100 gas stations in

4   California.   Each owner who might be involved in this case will be required to produce

5   documentation relating to inspections, nozzle damage, supposed revenue loss, warranty claims,

6   etc. The witnesses and documents will be substantial.

7       At this point it is impossible to know how many station owners will have separate

8   counsel, but with the large number of potentially impacted parties, it will likely increase.

9       Finally, if any judgment or settlement is reached, it could conceivably include injunctive

10  relief which the Court may wish to preside over.

11  **III.   THIS OBJECTION IS TIMELY**

12      The order designating this as non-complex was entered on July 30, 2010.  It was served on

13  VST by regular mail (before VST even answered the Complaint) on August 4, 2010.   VST

14  answered the Complaint on August 10, 2010.  This objection is filed on August 11, 2010.

15  **IV.   CONCLUSION**

16      The Court should maintain the complex case designation in this matter.

17  Dated: August 11, 2010                **FULBRIGHT & JAWORSKI L.L.P.**
                                          TODD M. SORRELL
18                                        TARIFA B. LADDON

19

20                                        By

21                                        TARIFA B. LADDON
                                          Attorneys for Defendant
22                                        VAPOR SYSTEMS TECHNOLOGIES, INC.

23

24

25

26

27

28

## PROOF OF SERVICE

I, Marilyn Moretti, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 South Flower Street, Forty-First Floor, Los Angeles, California 90071. On August 11, 2010, I served a copy of the within document(s): **DEFENDANT VAPOR SYSTEMS TECHNOLOGIES, INC.'S OBJECTION TO ORDER DESIGNATING CASE AS NON-COMPLEX**

|   | |
|---|---|
| .. | by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. |
| X | by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. |
| .. | by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery. |
| .. | by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below. |
| .. | by transmitting via e-mail the document(s) listed above to the e-mail address(es) set forth below on this date before 5:00 p.m. |

Thomas P. Bleau, Esq.
Martin Fox, Esq.
Bleau Fox, a P.L.C.
3575 Cahuenga Boulevard West
Suite 580
Los Angeles, California  90063
Telephone:     (323) 874-8613
Facsimile:      (323) 874-1234
Email: tbleau@bleaufox.com
           mfox@bleaufox.com

Attorneys for Plaintiffs

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same

1   day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on

2   motion of the party served, service is presumed invalid if postal cancellation date or postage

3   meter date is more than one day after date of deposit for mailing in affidavit.

4         I declare under penalty of perjury under the laws of the State of California that the above

5   is true and correct.  Executed on August 11, 2010, at Los Angeles, California.

6

7                                          _Marilyn Moretti_

8                                          Marilyn Moretti

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I, Teresa Amos, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 South Flower Street, Forty-First Floor, Los Angeles, California 90071. On August //, 2010, I served a copy of the within document(s): **VAPOR SYSTEMS TECHNOLOGIES, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1453 (CLASS ACTION FAIRNESS ACT OF 2005)**

  ..    by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

  X    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

  ..    by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

  ..    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

  ..    by transmitting via e-mail the document(s) listed above to the e-mail address(es) set forth below on this date before 5:00 p.m.

Thomas P. Bleau, Esq.
Martin Fox, Esq.
Bleau Fox, a P.L.C.
3575 Cahuenga Boulevard West
Suite 580
Los Angeles, California 90063
Telephone: (323) 874-8613
Facsimile: (323) 874-1234
Email: tbleau@bleaufox.com
mfox@bleaufox.com

Attorneys for Plaintiffs

1       I am readily familiar with the firm's practice of collection and processing

2   correspondence for mailing.  Under that practice it would be deposited with the

3   U.S. Postal Service on that same day with postage thereon fully prepaid in the

4   ordinary course of business.  I am aware that on motion of the party served, service

5   is presumed invalid if postal cancellation date or postage meter date is more than

6   one day after date of deposit for mailing in affidavit.

7       I declare that I am employed in the office of a member of the bar of this court

8   at whose direction the service was made.

9       I declare under penalty of perjury under the laws of the State of California

10  that the above is true and correct.  Executed on August ___, 2010, at Los Angeles,

11  California.

12

13

14                                         Teresa Amos

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DOCUMENT PREPARED
ON RECYCLED PAPER