SEND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6003 PA (FMOx) | Date | November 23, 2010 |
|---|---|---|---|
| Title | Y.R.T., Inc., et al. v. Vapor Systems Technologies, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS

      Plaintiffs Y.R.T., Inc., V & H, Inc., Glenrose, Inc., and Bev Andrews, Inc. ("Plaintiffs") filed this putative class action on behalf of themselves a class of similarly situated owners of gasoline stations throughout California. The original Complaint, which asserted claims under state law, was filed on July 8, 2010 in the Los Angeles Superior Court. Defendant filed a Notice of Removal on August 11, 2010. Jurisdiction is based on diversity jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2).

      The parties filed their Joint Report pursuant to Federal Rule of Civil Procedure 26(f) on November 19, 2010. The Joint Report proposes that Plaintiff's motion for class certification be filed by August 29, 2011, with a hearing on December 6, 2011. Local Rule 23-3 provides that "[w]ithin 90 days after service of a pleading purporting to commence a class action other than an action subject to the Private Securities Litigation Reform Act of 1995 . . . the proponent of the class shall file a motion for certification that the action is maintainable as a class action, unless otherwise ordered by the Court."

      Assuming that Local Rule 23-3's requirement that a motion for class certification be filed within 90 days of service began running on August 11, 2010, the date the Notice of Removal was filed in this Court, the motion for class certification should have been filed no later than November 9, 2010. As of this date, Plaintiffs have not filed a motion for class certification despite the fact that the original Complaint, which purported to commence a class action, was served and has been pending in the Central District for more than 90 days. Nor did Plaintiffs seek leave of the Court for an extension of time to file a motion for class certification prior to the expiration of the time within which to timely file such a motion. Accordingly, the Court, on its own motion, orders Plaintiffs to show cause in writing why the class action allegations should not be stricken for failure to timely file a motion for class certification. Plaintiffs' response to the Court's order to show cause shall also address whether, assuming the Court strikes the class action allegations, the Court should decline to exercise supplemental jurisdiction over the remaining state law claims of the individual Plaintiffs and dismiss those claims without prejudice pursuant to 28 U.S.C. § 1367(c), which would allow Plaintiffs to re-file those claims in state court. See 28 U.S.C. § 1367(d).

**SEND**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6003 PA (FMOx) | Date | November 23, 2010 |
|---|---|---|---|
| Title | Y.R.T., Inc., et al. v. Vapor Systems Technologies, Inc. | | |

      Plaintiffs' response to the order to show cause shall be filed by December 3, 2010. Defendant's response shall be filed by December 13, 2010. Neither party's response shall exceed 15 pages. The Scheduling Conference is continued from December 6, 2010 to December 20, 2010 at 10:30 a.m.

      IT IS SO ORDERED.

                                                                                               :

Initials of Preparer